Mark Shepard et al., Appellants, v Morning Pride Manufacturing, Inc., et al., Defendants, and Cairns and Brothers, Inc., Respondent.

Third Department, June 16, 1988

APPEARANCES OF COUNSEL

*Scolaro, Shulman, Cohen, Lawler & Burstein, P. C. (Walter D. Kogut* of counsel), for appellants.

*Smith, Sovik, Kendrick, Schwarzer & Sugnet, P. C. (James A. O'Shea* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J. P.

As the result of burns sustained on December 18, 1982 in the course of his duties as a member of the Volunteer Fire Department of the Village of Morrisville, Madison County, plaintiff Mark Shepard (hereinafter plaintiff) commenced suit against various defendants whom he alleges are responsible for the improper design, manufacture, distribution and sale of defective clothing and equipment that he was wearing at the time. Defendant Cairns and Brothers, Inc. (hereinafter defendant) is alleged to have manufactured a "Philadelphia" helmet that burned and melted. Plaintiff's wife also sued for loss of consortium. The action sounded in negligence and strict products liability, for each of which a three-year Statute of Limitations is prescribed *(see,* CPLR 214 [5]), and in breach of express and implied warranty, with a four-year Statute of Limitations *(see,* UCC 2-725).

On December 17, 1985, plaintiffs' attorney delivered the summons and complaint to the Sheriff of Madison County in order to toll the three-year Statute of Limitations for 60 days in accordance with CPLR 203 (b) (5) (i). Since February 17, 1986 was a public holiday (Washington's Birthday), the delivery to the Sheriff tolled the three-year Statute of Limitations until February 18, 1986 *(see,* General Construction Law § 25-a [1]).

Service on defendant was attempted on February 14, 1986 by personal service on Joseph Pagano, the law partner of Thomas Jardine, defendant's attorney and agent registered in New Jersey to accept process on defendant's behalf. Process was left with Pagano because he stated that Jardine was on vacation until February 18, 1986. Pagano claims he informed plaintiffs' process server that he had no authority to accept service and that the process server left his office, but returned later that day and deposited the papers there. In any event, Pagano mailed the summons and complaint to defendant's insurance carrier. In addition, on February 18, 1986 at 7:30 A.M., a process server attempted service on defendant at its principal place of business in New Jersey by serving the summons and complaint on Henry Silver, described as "male white skin gray hair 36-50 yrs. 131-160 lbs. 5'4"-5'8" ", and

named as "managing agent" of defendant. Defendant claims that it has no employee named Henry Silver and that its offices were closed at the time service allegedly took place. The process server has moved to California and plaintiffs indicate that it would be difficult to obtain his testimony.

Defendant moved to dismiss the complaint, or alternatively for summary judgment, on the ground that service was not timely and was defective or nonexistent. Supreme Court granted defendant's motion for summary judgment on the ground that plaintiffs did not successfully refute defendant's claim that service was not made upon it. Plaintiffs appeal.

In our opinion, Supreme Court erred in dismissing the complaint against defendant. Service upon a foreign corporation may be effected by service on an agent duly authorized in the foreign State under a statute similar to CPLR 318 (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C313:2, at 295). New Jersey law requires that a corporation appoint a registered agent and permits process to be served on that agent's office (NJ Stat Annot §§ 14A:4-1, 14A:4-2; NJ Civ Prac Rule 4:4-4). New Jersey law provides, in pertinent part, that service of summons on corporations may be made on "the person at the registered office of the corporation in charge thereof" (NJ Civ Prac Rule 4:4-4 [c] [1] [a]). Although the manner of service is governed by New York law, the question of who may be served as the agent of the corporation should be governed by New Jersey law (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C313:2, at 295). Accordingly, since Jardine was the registered agent for defendant in New Jersey, service upon Pagano as the person in charge of the office of defendant's registered agent was proper. This determination renders the issue of service on Henry Silver as "managing agent" of defendant academic. The order of Supreme Court should therefore be reversed.

WEISS, YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Order reversed, on the law, with costs, and motion denied.